**William G. HOLLAND, Appellant,**

v.

**UNITED STATES of America.**

**No. 23587.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1970.

Decided April 30, 1971.

Mr. James P. Mercurio (appointed by this Court) for appellant.

Mr. William S. Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. David C. Woll, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and TAMM, Circuit Judge.

FAHY, Senior Circuit Judge:

■ This appeal is from the denial of a pro se motion under 28 U.S.C. § 2255, to vacate appellant's sentence of imprisonment for ten years imposed on December 27, 1963, consequent upon his conviction for violating the federal narcotics laws.[1] This court on July 3, 1964, affirmed the conviction by a judgment without opinion, and subsequently denied appellant's petition for rehearing en banc. Holland v. United States, 120 U.S.App.D.C. 5, 343 F.2d 287 (1964), cert. denied, 383 U.S. 928, 86 S.Ct. 936, 15 L.Ed.2d 848 (1966). On October 20, 1967, appellant filed in the District Court his pro se motion. Among the grounds stated were (1) that he was mentally incompetent at the time of his trial, (2) that as a result of his testifying his "Past Narcotics Conviction and Criminal Records were brought out and heard by the Jury and did possibly prejudice their (Jury) reasoning on a fair Verdict," and (3) that he had not been fully advised by counsel of his right not to testify. Upon the District Court's denial of the motion without a hearing, we remanded "for an evidentiary hearing with respect, but not necessarily limited to, petitioner's allegation that he was not advised of his right not to testify or

of the consequences of his testifying." The District Court held a hearing and on the basis of testimony found that appellant "was fully apprised by counsel of the consequences of his testifying and, in fact, advised by counsel not to testify at his trial." We think these findings are supported by the testimony adduced at the hearing on our remand.

Appellant advances a number of other contentions, all of which we have considered, but only two of which we deem to require discussion. We affirm.

■ 1. Appellant contends that he was mentally incompetent at the time of his trial. At the hearing upon our remand no finding in this regard was made, due perhaps to the wording of our remand order, leading the District Court to believe this court was not concerned about this ground of appellant's petition. Appellant's trial counsel, however, testified at the hearing that appellant "was able to discuss the case with me and point the way on every investigatory lead that I was able to dig up." The Government's position on this appeal, moreover, is that the question of mental incompetency in any event was raised at the trial in 1963, when relief was denied by the trial judge, and was raised again on the appeal of the conviction, with this court affirming. The Government accordingly urges that the record furnishes no basis for relief at this time.

It appears from the papers on the original appeal of the conviction that appellant moved for a mental examination after his conviction but before he was sentenced, thus invoking 18 U.S.C. § 4244.[2] The trial court denied the motion, and this court's affirmance of the conviction was apparently on the basis of the Government's argument then made that "[t]here was absolutely no in-

---

1. 26 U.S.C. §§ 4704(a) and 4705(a), and 21 U.S.C. § 174. We are advised that appellant was conditionally released from prison on February 25, 1970. It is probable, therefore, that he was incarcerated for the offense for something more than six years.

2. Section 4244 provides that "upon a * * * motion in behalf of the accused * * * the court shall cause the accused * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court."

dication that the appellant could not comprehend the nature of the proceedings or properly consult with his counsel." Moreover, the defense of insanity had not been raised at the trial; and the briefs on the original appeal show that the issue of competency which was raised and rejected rested upon appellant's claim that he was an addict.[3]

In view of the foregoing history, we find no adequate legal basis upon which to rest a remand, seven and one-half years after the trial, for a hearing as to appellant's competency to have been tried in 1963, as though this matter had not been passed upon by the court in affirming the conviction in 1964.

■ 2. The other matter requiring discussion is the trial court's failure to give an explicit instruction to the jury on the proper use it could make of prior convictions introduced to impeach appellant's credibility when he testified. The Government's case consisted primarily of the testimony of an undercover agent and of an informer to the effect that appellant sold narcotics to them on two occasions. The principal issue at trial was that of identity, that is, whether appellant was the person who made the sales. In order to defend at all it was almost imperative that appellant testify, else be convicted by default as it were on the basis of the testimony of the two Government witnesses. He did testify with the result that at his trial, which antedated *Luck*,[4] evidence of prior convictions was placed before the jury—two for violations of the narcotics laws in 1953 and 1962, one for larceny, and several for petit larceny.[5]

The portion of the charge related to this problem reads as follows:

There has been introduced in the testimony also the criminal record of the defendant, so that when the defendant took the stand he opened the door for the District Attorney to ask him whether or not he had any prior convictions. And the same test goes to him [as to the Government's witness], whether or not you place as much credence in the testimony of the defendant, who has been convicted of crime in the past, as you would in the testimony of a witness who has not been convicted of a crime.

While the foregoing instruction touched upon the credibility value of the evidence of prior convictions, it was not explicit that the evidence could not be considered on the issue of guilt. The question is whether, because of this error in the instruction, relief may now be had under Section 2255, that is, whether the defective instruction constituted error which may be remedied by collateral attack upon the conviction. If so, the evidence of guilt was not so clear as to render the error harmless.

Chief Justice Warren, with whom Mr. Justice Douglas, Mr. Justice Brennan, and Mr. Justice Fortas joined, in his dissenting opinion in Spencer v. Texas, 385 U.S. 554, 572–575, 87 S.Ct. 648, 658–660, 17 L.Ed.2d 606 (1967), made the following statement, which is not inconsistent with the Court's opinion because the Court did not pass upon the same matter:

[I]t is well established that evidence of prior convictions may not be used by the State to show that the accused has a criminal disposition and that the probability that he committed the crime currently charged is increased. While this Court has never held that the use of prior convictions to show nothing more than a disposition to commit crime would violate the Due

---

3. On this phase of the case it is of some significance that in his present brief appellant states that the records show that in 1967, several years after our affirmance of the conviction in 1964, he was found to be of unsound mind and transferred (presumably from prison) to St. Elizabeths for treatment.

4. Luck v. United States, 121 U.S.App. D.C. 151, 348 F.2d 763 (1965).

5. It is not clear whether there were four or five convictions of petit larceny.

Process Clause of the Fourteenth Amendment, our decisions exercising supervisory power over criminal trials in federal courts, as well as decisions by courts of appeals and of state courts, suggest that evidence of prior crimes introduced for no purpose other than to show criminal disposition would violate the Due Process Clause. Evidence of prior convictions has been forbidden because it jeopardizes the presumption of innocence of the crime currently charged. A jury might punish an accused for being guilty of a previous offense, or feel that incarceration is justified because the accused is a "bad man," without regard to his guilt of the crime currently charged.

The further question in the case at bar, then, is whether the evidence of prior convictions was introduced "for no purpose other than to show criminal disposition"? The District Court did not pass upon this question in the remanded Section 2255 proceedings. It could have done so notwithstanding the language of our remand order. Since the solution, however, depends not upon evidence but upon the answer to a legal question, this court can now dispose of the matter.

It is not altogether clear from the instruction how the jury would consider the evidence now questioned, that is, whether the jury understood that the evidence had a bearing upon guilt as well as credibility. The instruction was not objected to at the trial, and the point now asserted was not raised on the appeal from the conviction. *See* Kaufman v. United States, 394 U.S. 217, 220 n.3, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). We think that as the problem thus comes to us we may not appropriately conclude that the instruction amounted to constitutional or such other error as requires the sentence to be set aside on this collateral attack by motion under Section 2255.

Affirmed.

Chief Judge BAZELON did not participate in the disposition of this appeal.